CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
December 10, 2024
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| Josef Christian Schwaneberg, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 4:24-cv-00039 |
| Cyrilia Lopez, | ) |
| Respondent. | ) |

**RETURN ORDER WITH CONDITIONS**

This Return Order With Conditions ("Return Order") directing the return of the minor child, CFS, to South Korea from the United States, is made pursuant to Article 12 of the 1980 Hague Convention on the Civil Aspects of International Child Abduction (the "Hague Convention") and the International Child Abduction Remedies Act ("ICARA"), 22 U.S.C. § 9001 *et seq.* By the United States District Court for the Western District of Virginia, it is hereby **ORDERED** as follows:

1) CFS shall be returned to South Korea on December 20, 2024, in the care and company of Petitioner Josef Christian Schwaneberg, subject to the conditions set forth in paragraphs 2–11 below.

2) Until December 20, 2024, Petitioner shall be allowed to visit CFS, at least every other day, at an agreed-upon time and place convenient to both Respondent Cyrilia Lopez and CFS.

3) Documents currently surrendered to the United States District Court for the Western District of Virginia, Lynchburg Division Clerk's Office may be retrievable by Petitioner or his designee after December 11, 2024.  The parties shall cooperate to obtain any necessary immigration documents, travel documents, or any other documents necessary for CFS's return to South Korea.

4) Petitioner will pay the costs of CFS's travel, including luggage, to South Korea.

5) Any additional items not taken with CFS on December 20, 2024, can be shipped to Petitioner's office address in South Korea by January 20, 2025. Petitioner will pay the costs of any shipment and coordinate with Respondent about any items requiring shipment.

6) Respondent will sign a travel consent letter by December 16, 2024, so Petitioner has no issues traveling with the child.  The letter shall document Respondent's consent to Petitioner's travel with CFS from the United States to South Korea on December 20, 2024.

7) Respondent will provide Petitioner with CFS's vaccination records by December 16, 2024.  If CFS has any prescription medications, Respondent will provide Petitioner with the prescription and a supply to cover seven (7) days until the medication can be re-filled in South Korea.

8) If either parent suggests that CFS requires therapy or counseling, they shall cooperate to find an English-fluent child therapist who they agree on.  If this option is exercised, CFS should see the therapist in person at least once a week.  Petitioner

- 3 -

will be solely responsible for the costs of the therapy. Petitioner may elect to discontinue such therapy sessions on or after December 20, 2025.

9) CFS shall not be taken to a country that does not have the Hague Convention in force with the United States and with South Korea until a court of competent jurisdiction in South Korea makes a final custody determination.

10) Petitioner is ordered to allow Respondent regular and frequent contact with CFS by phone and by Facetime or any similar video call app without monitoring or limitation. CFS will also be allowed, and able, to contact Respondent when he wants to. This contact will be reasonable in terms of CFS's time zone and bedtimes. The court notes this contact may be modified only by an eventual custody order issued by a court of competent jurisdiction in South Korea.

11) Upon CFS's return to South Korea, Petitioner shall file a notice in this court via CM/ECF that CFS has been returned to South Korea.

12) This action shall be **DISMISSED WITH PREJUDICE** upon the filing of Petitioner's Notice required by paragraph 11 of this Order. In the meantime, this court will retain jurisdiction over this matter.

13) This Return Order does not prejudice any of the parties' rights with respect to any appeal to the United States Court of Appeals for the Fourth Circuit or the United States Supreme Court or any future proceedings in any other appropriate court, and this Return Order is not a determination of the merits of any custody issues within the meaning of Article 19 of the Hague Convention.

- 4 -

14) Respondent's previously asserted objections and arguments in opposition in this court to return CFS to South Korea are preserved. Nothing in this Return Order shall be deemed a waiver of Respondent's rights of appeal.

The Clerk is directed to forward a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**

**ENTERED** this 10th day of December, 2024.

/s/ *Jasmine H. Yoon*

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE