CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
**February 04, 2026**
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| Josef Christian Schwaneberg, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:24-cv-00039 |
| | ) | |
| Cyrilia Lopez, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This matter is before the court on Petitioner Josef Christian Schwaneberg's Motion for

Attorneys' Fees. (Dkt. 106.) In August 2025, the court denied Respondent Cyrilia Lopez's

corrected motion for contempt. (Dkt. 104.) Petitioner now moves the court to enter an order

requiring Respondent to pay Petitioner's attorneys' fees incurred defending the contempt

motion. For the reasons discussed below, the court will deny the motion.

## I.    Background

On October 11, 2024, Petitioner filed a petition for the return of his son, CFS, to South

Korea pursuant to the 1980 Hague Convention on the Civil Aspects of International Child

Abduction ("the Hague Convention") and the International Child Abduction Remedies Act

("ICARA"), 22 U.S.C. § 9001 *et seq.* (Dkt. 1.) The court held a bench trial on the petition on

November 19, 2024. (Dkt. 64.) On December 6, 2024, the court issued a Memorandum

Opinion and Order granting the petition.[1] (Dkts. 67, 68.) The court concluded that Petitioner

---

[1] The court incorporates by reference the findings of fact and conclusions of law in the Memorandum Opinion, (Dkt. 67), rather than reiterating them in this order.

had sufficiently proven a *prima facie* case for return and that Respondent had not sufficiently demonstrated any relevant defense.  (Dkt. 67 at 2.)

The court also issued a Return Order with Conditions directing CFS be returned to the care and company of Petitioner in South Korea subject to certain conditions.  (Dkt. 70.)  One of those conditions provided that:

> CFS shall not be taken to a country that does not have the Hague Convention in force with the United States and with South Korea until a court of competent jurisdiction in South Korea makes a final custody determination.

(*Id.* at 3.)

On March 28, 2025, Respondent moved the court to find Petitioner in civil contempt of the court for violating the Return Order.  (Dkt. 93.)  Respondent claimed that Petitioner knowingly violated the above condition by taking CFS to Vietnam—a country that does not have the Hague Convention in force with the United States or with South Korea—on two occasions.  (*Id.* at 1.)  On August 11, 2025, the court issued a Memorandum Opinion and Order denying the motion.[2]  (Dkts. 103, 104.)  The court found that Respondent failed to carry her burden on the first prong of the civil contempt analysis.  (Dkt. 103 at 7.)

Two weeks later, Petitioner filed a motion for attorneys' fees along with a declaration of counsel and a memorandum of support.  (Dkts. 106, 106-1, 107.)  Respondent filed an opposition to the motion two weeks later.  (Dkt. 108.)

---

[2] The court incorporates by reference the findings of fact and conclusions of law in the Memorandum Opinion, (Dkt. 103), rather than reiterating them in this order.

## II.    Analysis

ICARA's costs and fees provision provides that:

> Any court ordering the return of a child pursuant to an action brought under section 9003 of this title shall order the respondent to pay necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of the proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

22 U.S.C. § 9007(b)(3).  Petitioner claims entitlement to attorneys' fees under the statute because "he prevailed following the judge's written ruling on the Motion for Contempt." (Dkt. 106 at 2).  Respondent counters that the statute does not authorize a fee award for Petitioner's defense of the post-judgment motion because: (1) the "contempt case, and the violations that it concerned, occurred well after the child's return to Korea had been completed and the Court had removed the case from its active docket" and (2) Petitioner's expenses were not "necessary." (Dkt. 108 at 2.)

The court agrees with Respondent.  Petitioner's legal fees incurred defending the contempt motion were incurred months after CFS was returned to South Korea and this case was closed.  (*See* Dkts. 70, 84.)  The fees were not incurred "during" the action where the court ordered the return of the child.  *See, e.g., Gomez v. Gonzalez*, No. C24-5645-KKE, 2026 WL 201234, at *2 (W.D. Wa. Jan. 27, 2026) (finding that costs were not incurred "'during' the action where the court orders the return of the child" because the action "ended" five months prior to filing of the post-judgment motion.)

Even if the court considers the contempt litigation as occurring "during" the action, Respondent is still not entitled to attorneys' fees.  Courts have held that the "necessary expenses" must be "related to the return of the child" to shift the petitioner's fees and costs

- 3 -

to the respondent under § 9007(b)(3). *Guaragno v. Guaragno*, No. 7:09-cv-00187, 2010 WL 5564628, at *1 (N.D. Tex. Oct. 19, 2010) (cleaned up); *see also In re SKM*, No. 13 Civ. 4167, 2014 WL 13114197, at *4 (S.D.N.Y. Apr. 16, 2014) ("The burden is on the Petitioner to establish the necessity of expenses and legal fees incurred relating to the return of the children"); *Aldinger v. Segler*, 157 F. App'x 317, 318 (1st Cir. 2005) ("[T]he court has the obligation to determine whether the requested fees and costs were 'necessary' to secure the children's return."). And courts have disallowed fee awards under the statute that were related to activities occurring after the return of the child. *See, e.g.*, *Salvidar v. Rodela*, 894 F. Supp. 2d 916, 938 (W.D. Tex. Oct. 1, 2012) ("The Court will also disallow 0.6 hours spent by [Petitioner's counsel] on certain tasks undertaken after the child had been returned to Mexico."). Here, Petitioner's attorneys' fees incurred defending the contempt motion were not related to the return of CFS, who had been returned to South Korea months prior. Accordingly, the court finds that Petitioner is not entitled to an award of reasonable attorneys' fees under ICARA.

Finally, while district courts have the inherent authority to award attorney's fees in the absence of statutory permission, they should only do so "in the extraordinary circumstances where bad faith or abuse can form a basis for doing so." *White v. White*, 893 F. Supp. 2d 755, 758–59 (E.D. Va. 2012) (quoting *Hensley v. Alcon Lab'ys, Inc.*, 277 F.3d 535, 543 (4th Cir.2002)). The court finds no bad faith or abusive action on the part of Petitioner in filing the motion for contempt. Therefore, the award of attorneys' fees under the inherent powers of a district court is inappropriate here.

## IV.    Conclusion

For the foregoing reasons, the court **DENIES** Respondent's motion for attorneys' fees.  (Dkt. 106.)  The Clerk is directed to send a copy of this Memorandum Opinion and Order to all counsel of record.

ENTERED this <u>4th</u> day of February, 2026.

<u>HON. JASMINE H. YOON</u>
UNITED STATES DISTRICT JUDGE